### KRANZ v. LONG ISLAND R. CO.

*(Supreme Court, General Term, Second Department.* June 25, 1888.)

NEGLIGENCE—EVIDENCE—INJURY TO EMPLOYE. .

In an action for alleged negligence whereby plaintiff's decedent was killed, where it appears that the deceased was in the employ of defendant, by whom he was directed to assist in cleaning out some pipes at the bottom of a trench which defendant had dug to uncover the pipes, and which was from eight to ten feet deep, about six feet wide at the top, and from two to three feet wide at the bottom, and that, while engaged therein, the earth caved in, and suffocated the deceased, there is no evidence of negligence on the part of defendant, and the complaint is properly dismissed, though the sides of the trench were not braced; there having been, at the time, no apparent danger.

Appeal from circuit court.

DYKMAN, J. This action was brought by the plaintiff as administrator of William Kranz, deceased, to recover damages for the death of the latter, claimed to have been caused by the negligence of the defendant. The deceased was in the employ of the defendant, and was directed to proceed to Bay Ridge to assist in cleaning out some water-pipes at the bottom of a trench which had been dug to uncover the pipes. The trench by which the pipes were uncovered had been dug by the defendant, and was from eight to ten feet deep, about six feet wide at the top, and from two to three feet wide at the bottom. The deceased went into the excavation to separate the pipes, clean them out, and put them together. While he was so engaged, the earth caved in upon him, and he was suffocated. At the close of the testimony on the part of the plaintiff, the complaint was dismissed, and the appeal is by the plaintiff from that judgment. Under all the circumstances disclosed by the testimony, we can find no negligence on the part of the defendant. The deceased was the servant of the defendant; and, while it was the duty of the defendant to provide a safe place for the performance of his duty, yet the trench into which he was directed to perform the duties assigned to him was as open and plain and visible to him as to the agents of the company. There was nothing hidden or concealed, and no danger that required skill or experience for its detection. There was no apparent danger. While it is claimed now on the part of the plaintiff that the sides of the excavation should have been shored and protected or braced, yet it does not appear that any visible danger suggested such safeguards and protections at the time. Neither the defendant nor its agents were in possession of any information beyond that possessed by the deceased. Our conclusion is that the judgment dismissing the complaint should be affirmed, with costs.